

**ORDERED in the Southern District of Florida on March 16, 2019.**

**Laurel M. Isicoff
Chief United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

```
IN RE:                                      CASE NO: 15-24948-BKC-LMI
LUIS PEREZ,
           DEBTOR(S).
_____/
```

**ORDER DENYING DEBTOR'S MOTION TO MODIFY PLAN AND DISMISSING CHAPTER 13 CASE**

THIS CASE came on to be heard on March 5, 2019, for Debtor(s) Motion to Modify Plan (ECF #64), and based on the record, it is

ORDERED as follows:

1. The Motion to Modify Plan is denied without prejudice.

2. This case is hereby dismissed with prejudice to the Debtor(s) filing any bankruptcy proceedings for a period of six (6) months from the date hereof as the debtor(s) did not become current with $3,266.93 by five o'clock in the afternoon. The last payment received by the Trustee was on September 28, 2018.

3. Any funds remaining in the possession of the Standing Chapter

13 Trustee, either in a pre-confirmation or post-confirmation account, shall be utilized by the Chapter 13 Trustee to be applied to the payment of any outstanding filing fees or other costs due to the Clerk of Court with respect to the subject Chapter 13 proceeding. The Trustee is hereby authorized to disburse such funds, less all applicable Trustee's fees and costs on each such disbursement.  If the Trustee does not have sufficient funds available to pay the balance due in full on behalf of the Debtor(s), the Debtor(s) shall forthwith pay directly to the Clerk of the United States Bankruptcy Court any amount due and owing on said filing fees or other costs.

    4. All pending motions be, and the same are hereby, denied as moot.

    5. All motions to reopen or reinstate Chapter 13 cases and motions to rehear, reconsider or vacate orders dismissing Chapter 13 cases shall only be scheduled for hearing conditioned upon (i) the Debtor's attorney attaching to the motion a certificate which states the Debtor has tendered to the attorney all funds required to be paid under the Debtor's Chapter 13 plan to bring the plan current and that said funds are in the attorney's trust account, or (ii) the pro se Debtor attaching to the motion a photocopy of the cashiers check(s), made payable to the Chapter 13 Trustee, which will be tendered to the Chapter 13 Trustee to bring the plan current if the motion(s) is/are heard and the Court reopens or reinstates the Chapter 13 case.

    6. If the certification or photocopies required in Paragraph 5 of this order are attached to the motion(s), the motions to reopen or reinstate Chapter 13 cases, and motions to rehear, reconsider, or vacate orders dismissing Chapter 13 cases will be scheduled for

hearing before the respective Bankruptcy Judge at the monthly Chapter 13 calendar.

    7.  If the certification or photocopies required in Paragraph 5 of this order are not attached to the motion(s), the motions to reopen or reinstate Chapter 13 cases, and motions to rehear, reconsider or vacate orders dismissing Chapter 13 cases will be denied without further notice or hearing.

###

PREPARED BY:

NANCY K. NEIDICH, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 279806
MIRAMAR, FL 33027-9806

THE CLERK OF COURTS, is directed to mail a conformed copy of this Order to all creditors and interested parties immediately upon receipt thereof.